### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EATON A. LANG IV, individually and on behalf of all similarly situated persons,** | : <br> : <br> : <br> : | |
| | : | **Case No. _____** |
| **Plaintiffs,** | : | |
| | : | *Civil Action* |
| **vs.** | : <br> : | |
| **ADECCO USA, INC.,** | : <br> : | |
| **Defendant.** | : <br> : <br> : | |

## NOTICE OF REMOVAL

Defendant Adecco USA, Inc. (hereinafter "Adecco" or "Defendant") hereby notices the removal of this putative class action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 to the United States District Court for the Middle District of Pennsylvania, and as grounds therefore shows as follows:

### I.    TIMELINESS OF REMOVAL

1.    On or about December 3, 2019, Plaintiff Eaton A. Lang IV ("Plaintiff") commenced a putative class action against Adecco in the Court of Common Pleas of Lackawanna County, Pennsylvania, entitled *Eaton A. Lang IV individually and on behalf of all similarly situated persons v. Adecco USA, Inc.*, Civil Action Number 2019-cv-7102.  A true and correct copy of the Summons and Complaint filed with the Court of Common Pleas is attached hereto as **Exhibit A.**

2.    On December 10, 2019, Plaintiff effected service of the summons and Complaint on Adecco through the Sheriff's office.  A true and correct copy of the Sheriff's Return of Service is attached hereto as **Exhibit B.**

3.    Upon Adecco's knowledge and belief, no other pleadings have been filed with the Court of Common Pleas in this Action.[1]

4.    Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days after the receipt by a defendant, through service or otherwise, of the Complaint.

5.    Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt by Adecco, through service or otherwise, of the Complaint.

## II.    VENUE

6.    The Court of Common Pleas of Lackawanna County, Pennsylvania is located within the Middle District of Pennsylvania.   28 U.S.C. § 118(b). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

---

[1] A Praecipe for Assignment, which appears to relate to a different case and was likely filed in error, has also been entered on the Court of Common Pleas' docket.  In an abundance of caution, a true and correct copy of the Praecipe for Assignment is attached hereto as **Exhibit C.**

## III.   BASIS FOR REMOVAL - DIVERSITY

7.      This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States. . . ."

### A.   The Amount in Controversy Exceeds $75,000

8.      This is an action to recover damages for alleged violations of the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101, *et seq.* ("MMA"), and for alleged wrongful discharge/wrongful rescission of offer of employment under Pennsylvania common law.

9.      In his Complaint, Plaintiff alleges Adecco discriminated against him by rescinding a conditional offer of employment due to his status as an individual certified to use medical marijuana.  (*See generally* **Exhibit A**).

10.      Plaintiff seeks damages in the form of "an order awarding damages against Defendant in a sum in excess of Fifty Thousand Dollars, as well as an award of punitive damages" and "attorneys' fees and costs."  (*See* **Exhibit A**, *ad damnum* clauses).

3

11.     Plaintiff applied for employment with Adecco, seeking a placement as a forklift operator with one of Adecco's clients.  The applied-for position offered a rate of pay of $14.50 per hour.   Thus, in this role, Plaintiff's annual target compensation would have been approximately $30,000.   *See* Declaration of Jessenia Lopez, attached hereto as **Exhibit D**.

12.     The average time for a case to proceed to trial in the United States District Court for the Middle District of Pennsylvania is 37.4 months.[2]  As such, by the time of trial, Plaintiff's claim for lost wages will amount to approximately $97,500.[3]  (*See* **Exhibit D**).

13.     Plaintiff also seeks punitive damages.   (**Exhibit A**, *ad damnum* clause).  Plaintiff's demand for punitive damages is a factor when calculating the amount in controversy.  *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *Hamovitz v. Santa Barbera Applied Research, Inc.*, 2010 WL

---

[2]  See  http://www.uscourts.gov/report-name/federal-court-management-statistics  (last  visited 12/23/2019).

[3] Although the Complaint does not clearly state the parameters of the relief sought by Plaintiff, it appears that Plaintiff intends to seek lost wages, which are an available remedy for a claim of wrongful discharge in violation of public policy.  Defendant reserves the right to challenge any assertion by Plaintiff that he is entitled to lost wages under the MMA.

4

Case 1.02-at-06000-UN   Document 23   Filed 01/09/20   Page 5 of 7

4117270, at *8 (W.D. Pa. Oct. 19, 2010) (punitive damages are an available remedy for wrongful discharge in violation of public policy).

14.   Plaintiff also seeks attorneys' fees.   Plaintiff's attorneys' fees are accruing; it is more likely than not that the amount will total tens of thousands of dollars.

15.   Plaintiff's costs and expenses are accruing and will likely contribute thousands of additional dollars to the actual amount in controversy.

16.   Plaintiff states in his *ad damnum* clause that he seeks an amount in excess of $50,000.

17.   Accordingly, the amount in controversy exceeds the sum or value of $75,000.

### B.   Complete Diversity of Citizenship Exists

18.   Plaintiff is a citizen of the Commonwealth of Pennsylvania.   (*See* **Exhibit A ¶** 10).

19.   A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the States or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 93

(2010).

20.    Adecco is a corporation organized or incorporated in Delaware, and having its principal place of business in Jacksonville, Florida, and therefore is a citizen of Delaware and Florida within the meaning of 28 U.S.C. § 1332. (*See* **Exhibit D**).

21.    Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

## IV.  CONCLUSION

22.    Adecco has not previously sought similar relief.

23.    To date, Adecco has not filed a responsive pleading in Plaintiff's State court action, and no other proceedings have transpired in that action.

24.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Court of Common Pleas of Lackawanna County, Pennsylvania and a copy of same served upon Plaintiff's counsel.  A true and correct copy of the proposed Notice is attached hereto as **Exhibit E**.

25.    By filing this Notice, Adecco does not waive its right to object to service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

6

**WHEREFORE**, Adecco respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and processes to remove said action from the Court of Common Pleas of Lackawanna County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Jessica M. Bocchinfuso*

Jessica M. Bocchinfuso (PA #314371)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800 (Telephone)
(215) 995-2801 (Facsimile)
jessica.bocchinfuso@ogletree.com

Date: January 9, 2020

*Attorneys for Defendant*

7