# EXHIBIT A
# TO NOTICE OF REMOVAL

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Lackawanna County County

*For Prothonotary Use Only:*

Docket No: 19cv7102

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Eaton A. Lang IV

**Lead Defendant's Name:** Adecco USA, Inc.

**Are money damages requested?** [X] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [X] Yes [ ] No

**Is this an *MDJ Appeal*?** [ ] Yes [ ] No

**Name of Plaintiff/Appellant's Attorney:** Peter C. Wood, Jr., Esq.

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [X] Employment Dispute: Other
  Violation of PA Medical Marijuana Act

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

| | |
|---|---|
| **LAW OFFICE OF PETER C. WOOD, JR., PC**<br>By: Peter C. Wood, Jr., Esq. (I.D. No. 310145)<br>1170 Route 315, Suite 1<br>Wilkes-Barre, PA 18702<br>Phone: (570) 234-0442<br>Fax: (570) 266-5402<br>peter@pcwlawoffice.com<br><br>**MOBILIO LAW, LLC**<br>By: Matthew Mobilio, Esq. (I.D. No. 209439)<br>609 W. Hamilton St., Suite 301<br>Allentown, PA 18101<br>Phone: (610) 882-4000<br>Fax: (866) 793-7665<br>matt@mobiliolaw.com | ATTORNEYS FOR PLAINTIFF<br>EATON A. LANG IV |

| | |
|---|---|
| EATON A. LANG IV<br>247 State Route 437<br>White Haven, PA 18661,<br>INDIVIDUALLY AND ON BEHALF OF ALL<br>SIMILARLY SITUATED PERSONS,<br><br>Plaintiff,<br><br>v.<br><br>ADECCO USA, INC.,<br>4211 Birney Ave.<br>Moosic, PA 18507,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS<br>LACKAWANNA COUNTY<br><br>CLASS ACTION<br><br>NO. 19 cv 7102<br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT**

AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

Northern PA Legal Services
507 Linden Street
Suite 300
Scranton, PA 18503
(570) 342-0184

Pennsylvania Lawyer Referral Services
Lackawanna Bar Association
338 N. Washington Avenue
Third Floor
Scranton, PA 18503
(570) 969-9161
(570) 969-9170 - Business Fax

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

Northern PA Legal Services
507 Linden Street
Suite 300
Scranton, PA 18503
(570) 342-0184

Pennsylvania Lawyer Referral Services
Lackawanna Bar Association
338 N. Washington Avenue

Third Floor
Scranton, PA 18503
(570) 969-9161
(570) 969-9170 - Business Fax

**LAW OFFICE OF PETER C. WOOD, JR., PC**
By: Peter C. Wood, Jr., Esq. (I.D. No. 310145)
1170 Route 315, Suite 1
Wilkes-Barre, PA 18702
Phone: (570) 234-0442
Fax: (570) 266-5402
peter@pcwlawoffice.com

**MOBILIO LAW, LLC**
By: Matthew Mobilio, Esq. (I.D. No. 209439)
609 W. Hamilton St., Suite 301
Allentown, PA 18101
Phone: (610) 882-4000
Fax: (866) 793-7665
matt@mobiliolaw.com

ATTORNEYS FOR PLAINTIFF
EATON A. LANG IV

---

| | |
|---|---|
| EATON A. LANG IV<br>247 State Route 437<br>White Haven, PA 18661,<br>INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS,<br><br>Plaintiff,<br><br>v.<br><br>ADECCO USA, INC.,<br>4211 Birney Ave.<br>Moosic, PA 18507,<br><br>Defendant. | IN THE COURT OF COMMON PLEAS LACKAWANNA COUNTY<br><br>CLASS ACTION<br><br>NO. 19cv7102<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Eaton A. Lang IV, by and through his counsel, Law Office of Peter C. Wood, Jr., PC and Mobilio Law, LLC, brings this action individually and on behalf of the class of all persons who were denied offers of employment and/or had conditional offers of employment rescinded by Defendant, Adecco USA, Inc., from April 17, 2016 through the present, due to their status as certified medical marijuana users pursuant to the Pennsylvania Medical Marijuana Act,

35 P.S. § 10231.101 *et seq.* Plaintiff alleges upon knowledge as to himself and his own acts, and otherwise upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff Eaton A. Lang IV brings this action pursuant to Pennsylvania Rule of Civil Procedure 1702, on behalf of himself and as a representative for all similarly situated job applicants of Defendant Adecco USA, Inc.

2. Defendant, one of the largest providers of recruitment and staffing services in the United States, maintains a corporate policy of refusing to hire applicants due to their status as certified medical marijuana users under the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101 *et seq.* ("MMA").

3. Plaintiff was one of the many prospective employees harmed by Defendant's discriminatory practices.

4. Specifically, in mid-November 2019, Plaintiff, who is a certified medical marijuana cardholder in accordance with the MMA, submitted an application for employment with Defendant.

5. Following an interview, Defendant advised Plaintiff that in order to be eligible for employment, Plaintiff was first required to pass a drug test.

6. Plaintiff submitted to the required drug test, and disclosed his status as a medical marijuana cardholder.

7. Nevertheless, after Plaintiff's drug screening indicated the presence of marijuana, Defendant advised Plaintiff that he was not eligible for employment, and further explicitly stated that it does not recognize the protections afforded to employees by the MMA.

2

8. Through its conduct, Defendant willfully violated the MMA, as well as the public policy of this Commonwealth.

9. As a result of Defendant's discriminatory conduct, Plaintiff and all other similarly situated persons have been harmed.

## PARTIES

10. Plaintiff Eaton A. Lang IV ("Plaintiff") is an adult individual residing at 247 State Route 437, White Haven, Pennsylvania 18661.

11. Defendant Adecco USA, Inc. ("Defendant" or the "Company") is a business organization and subsidiary of The Adecco Group, the largest Human Resources provider and temporary staffing firm in the world, and maintains offices nationwide, including an office located at 4211 Birney Ave., Moosic, Pennsylvania 18507.

12. Defendant contracts to provide job placement services with employers across the country, including numerous employers located in Lackawanna County, Pennsylvania.

13. At all times relevant and material herein, Defendant acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 42 Pa. C.S. § 931.

15. This Court has personal jurisdiction over Defendant pursuant to 42 Pa. C.S. § 5301.

3

16. Venue is proper in this Court pursuant to Pa.R.C.P. 2179(a)(2), as Defendant regularly conducts business, in particular job placement services, with numerous employers in Lackawanna County.

## FACTUAL ALLEGATIONS

17. Plaintiff is a certified medical marijuana user in accordance with the MMA.

18. In or around mid-November 2019, Plaintiff submitted an application for employment with Defendant.

19. Thereafter, on or around November 19, 2019, Plaintiff interviewed with Defendant's representative, Jillian Martell ("Martell"), concerning several job placement opportunities available through Defendant.

20. At the conclusion of the interview, Martell advised Plaintiff that in order to be eligible for employment with Defendant, Plaintiff was first required to pass a drug test.

21. Later that same day, Plaintiff provided a urine sample to Mid-State Occupational Health Services, Inc. ("Mid-State"), in Wilkes-Barre, Pennsylvania.

22. Plaintiff advised the nurse who collected his urine that he is a certified medical marijuana cardholder under the MMA.

23. After collecting Plaintiff's urine, Mid-State forwarded the sample to First Advantage Corporation ("First Advantage") for testing.

24. On or around November 22, 2019, Plaintiff received a phone call from Dr. Shaiders, a physician at First Advantage, who advised Plaintiff that his urine had tested positive for marijuana.

25. Plaintiff informed Dr. Shaiders that he is a licensed medical marijuana user under the MMA.

4

26. After placing Plaintiff on a brief hold, Dr. Shaiders advised Plaintiff that Defendant's drug policy does not allow for medical marijuana.

27. The following day, Defendant's representative, Martell, sent a text message to Plaintiff stating that Plaintiff had failed his drug test, and that Plaintiff was therefore not eligible for employment with Defendant.

28. Plaintiff questioned Martell as to Dr. Shaiders' assertion that Defendant does not recognize the protections afforded by the MMA.

29. Martell responded, "We follow federal regulations so unfortunately no we don't."

30. Through its conduct, Defendant willfully violated the MMA, as well as the public policy of this Commonwealth, causing harm to Plaintiff.

## CLASS ACTION ALLEGATIONS

31. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

32. Plaintiff brings this action as a class action pursuant to Pennsylvania Rule of Civil Procedure 1702, on behalf of himself and all persons who were denied offers of employment and/or had conditional offers of employment rescinded by Defendant from April 17, 2016 through the present, due to their status as certified medical marijuana users in accordance with the MMA (the "Class").

33. The Class and this action satisfy the numerosity, commonality, typicality, adequacy, and efficiency requirements of Rules 1702, 1708, and 1709.

### Numerosity

34. As of April 2019, more than 100,000 Pennsylvania patients had been granted licenses to use medical marijuana pursuant to the MMA.

5

35. Defendant is the second largest provider of recruitment and staffing services in the United States, offering human resource services such as temporary staffing, permanent placement, outsourcing, career transition or outplacement.

36. According to Defendant's website, Defendant employs more than 70,000 employees at any given point in time.[1]

37. A further review of Defendant's website indicates that Adecco presently offers hundreds of Pennsylvania-based job positions.[2]

38. Thus, although the precise number of employees adversely impacted by Adecco's refusal to recognize the protections afforded by the MMA is unknown, upon information and belief, more than 40 such employees have been affected, making members of the Class so numerous that joinder of all members is impracticable, as required by Pa.R.C.P. 1702(1).

**Commonality**

39. Members of the Class have been harmed in the same manner by being denied employment and/or having conditional offers of employment rescinded due to their status as medical marijuana cardholders under the MMA, thereby demonstrating that there are questions of law or fact common to the Class, as required by Pa.R.C.P. 1702(2).

40. Class treatment of common questions of law and fact will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

---

[1] See https://www.adeccousa.com/about-adecco-staffing/ (last accessed December 2, 2019).

[2] See https://www.adeccousa.com/jobs/job-search/s-pennsylvania/ (last accessed December 2, 2019).

6

### Typicality

41. Plaintiff, a prospective employee of Defendant who was denied employment due to his status as a medical marijuana cardholder, presents claims as a representative party that are typical of the claims of the Class, as required by Pa.R.C.P. 1702(3).

### Adequate Representation

42. Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel who are experienced in class action litigation.

43. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

44. Neither Plaintiff nor his counsel have interests adverse to any members of the Class.

45. Plaintiff fully appreciates his role of representing the numerous members of the Class who have been harmed by Defendant's discriminatory practices.

46. Plaintiff therefore satisfies the adequacy requirements set forth in Pa.R.C.P. 1702(4) and Pa.R.C.P. 1709.

### Efficient Method of Adjudication

47. Numerous questions of law and fact common to the Class predominate over any question affecting only individual members. The answers to these common questions will advance resolution of the litigation as to all Class members. These common legal and factual questions include:

    a) Whether members of the Class were prospective employees of Defendant;

    b) Whether members of the Class were, at the time of their application for employment with Defendant, licensed medical marijuana users in accordance with the MMA;

7

  c) Whether Defendant maintains a policy or practice of refusing to hire prospective employees due to their status as medical marijuana cardholders under the MMA;

  d) Whether members of the Class were denied employment and/or had conditional offers of employment rescinded due to their status as licensed medical marijuana cardholders pursuant to the MMA; and

  e) Whether the Court should enjoin the continuation of the foregoing acts and conduct of Defendant.

48. The size of the Class poses no particular difficulties to management of this action as a class action.

49. Were separate actions to be brought against Defendant by the likely hundreds of prospective employees harmed by Defendant's discriminatory hiring practices, inconsistent or varying adjudications could establish incompatible standards for Defendant's conduct in refusing to hire prospective employees due to their status as medical marijuana cardholders under the MMA, which might substantially impair or impede the abilities of both members of the Class and Defendant to protect their interests in separate but similar actions.

50. The lost wages and other damages recoverable by members of the Class will be sufficient in size to justify significant expense for research, investigation, discovery, hiring of experts and trial preparation, such that maintaining the instant action as a class action is appropriate.

51. Defendant has acted on grounds generally applicable to the Class, thereby making final legal and equitable relief appropriate with respect to the Class as a whole.

52. Accordingly, a class action is the most efficient method of adjudicating the instant controversy, as required by Pa.R.C.P. 1702(5) and Pa.R.C.P. 1708.

8

## COUNT I

**VIOLATION OF THE PENNSYLVANIA MEDICAL MARIJUANA ACT,
35 P.S. § 10231.101 *et seq.***

53. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

54. The MMA provides, in relevant part, that "[n]o employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana." 35 P.S. § 10231.2103(b)(1).

55. Plaintiff is a certified medical marijuana user in accordance with the MMA.

56. After interviewing Plaintiff, Defendant advised Plaintiff that he would be required to pass a drug test in order to be eligible for employment with Defendant.

57. Plaintiff submitted to the requested drug test, and advised the nurse who collected his urine, as well as the doctor who interpreted his test results, that he is a licensed medical marijuana user.

58. Notwithstanding Plaintiff's status as a certified medical marijuana cardholder, Defendant advised Plaintiff that he was not eligible for employment with Defendant due to his drug test indicating the presence of marijuana.

59. When Plaintiff reiterated to Defendant that he is a licensed medical marijuana user, Defendant's representative responded, "We follow federal regulations so unfortunately . . . we don't [recognize the MMA]."

60. Through its conduct, Defendant violated the MMA.

61. Defendant's conduct was undertaken with reckless indifference towards Plaintiff's rights under the MMA, warranting an award of punitive damages.

9

62. As a result of Defendant's conduct, Plaintiff has been harmed.

**WHEREFORE**, Plaintiff, individually and as a class representative for all similarly situated persons, demands that judgment be entered in his favor and against Defendant, in the following respects:

a) An order certifying this action as a class action pursuant to Pa.R.C.P. 1702; defining the class as all persons who were denied employment and/or had conditional offers of employment rescinded from April 17, 2016 through the present, due to their status as certified medical marijuana users pursuant to the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101 *et seq.*; authorizing Plaintiff to represent the class (including any subclasses); appointing Plaintiff's attorneys as counsel for the class (including any subclasses); and otherwise providing in all respects that this action proceed as a class action;

b) An order entering a permanent injunction against Defendant, requiring it to amend its personnel policies to ensure compliance with 35 P.S. § 10231.2103(b)(1), the anti-discrimination provision of the Pennsylvania Medical Marijuana Act;

c) An order awarding damages against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), as well as an award of punitive damages, together with lawful interest thereon;

d) An order awarding attorneys' fees and costs; and

e) All other relief as this Honorable Court deems just and proper.

## COUNT II

### WRONGFUL DISCHARGE/WRONGFUL RESCISSION OF OFFER OF EMPLOYMENT

63. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

10

64. Plaintiff was denied employment and/or had his conditional offer of employment rescinded based on his status as a certified medical marijuana user.

65. The MMA prohibits an employer from discharging or refusing to hire an employee solely based on the employee's status as an individual who is certified to use medical marijuana. 35 P.S. § 10231.2103(b)(1).

66. Although Pennsylvania is an at-will employment state, if the discharge of an at-will employee violates public policy, the employee may bring a wrongful discharge claim against the employer, so long as there is no other statutory remedy available.

67. Accordingly, should this Honorable Court determine that the MMA does not provide for a private cause of action for violation thereof, Plaintiff asserts, in the alternative, the instant cause of action for Wrongful Discharge/Wrongful Rescission of Offer of Employment.

68. Defendant's conduct was undertaken with reckless indifference towards Plaintiff's rights, warranting an award of punitive damages.

**WHEREFORE**, Plaintiff, individually and as a class representative for all similarly situated persons, demands that judgment be entered in his favor and against Defendant, in the following respects:

a) An order certifying this action as a class action pursuant to Pa.R.C.P. 1702; defining the class as all persons who were denied employment and/or had conditional offers of employment rescinded from April 17, 2016 through the present, due to their status as certified medical marijuana users pursuant to the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101 *et seq.*; authorizing Plaintiff to represent the class (including any subclasses); appointing Plaintiff's attorneys as counsel for the class (including any subclasses); and otherwise providing in all respects that this action proceed as a class action;

11

b) An order entering a permanent injunction against Defendant, requiring it to amend its personnel policies to ensure compliance with 35 P.S. § 10231.2103(b)(1), the anti-discrimination provision of the Pennsylvania Medical Marijuana Act;

c) An order awarding damages against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), as well as an award of punitive damages, together with lawful interest thereon;

d) An order awarding attorneys' fees and costs; and

e) All other relief as this Honorable Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Law Office of Peter C. Wood, Jr., PC

Date: 12/3/2019 BY: _____

Peter C. Wood, Jr., Esq. (I.D. No. 310145)
1170 Route 315, Suite 1
Wilkes-Barre, PA 18702
Phone: (570) 234-0442
Fax: (570) 266-5402
peter@pcwlawoffice.com

Mobilio Law, LLC

BY: _____

Matthew Mobilio, Esq. (I.D. No. 209439)
609 W. Hamilton St., Suite 301
Allentown, PA 18101
Phone: (610) 882-4000
Fax: (866) 793-7665
matt@mobiliolaw.com

*Co-Counsel for Plaintiff Eaton A. Lang IV*

12

## VERIFICATION

I, Eaton A. Lang IV, hereby verify that the statements made in the foregoing Class Action Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

*Eaton A. Lang IV*
Eaton A. Lang IV

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*s/ Peter C. Wood, Jr.*
Peter C. Wood, Jr., Esq. (I.D. No. 310145)