IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EATON A. LANG IV,<br><br>        Plaintiff,<br><br>v.<br><br>ADECCO USA, INC.,<br><br>        Defendant. | No. 3:20-CV-0044<br><br>(Honorable A. Richard Caputo) |

**PLAINTIFF EATON A LANG IV'S MOTION TO REMAND ACTION TO THE LACKAWANNA COUNTY COURT OF COMMON PLEAS**

Plaintiff, Eaton A. Lang IV, through his counsel, Law Office of Peter C. Wood, Jr., PC and Mobilio Law, LLC, submits the instant Motion to Remand Action to the Lackawanna County Court of Common Pleas, and in support thereof aver as follows:

1. Plaintiff, Eaton A. Lang IV ("Plaintiff"), is a certified medical marijuana cardholder in accordance with the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101 *et seq.* ("MMA"). See Class Action Complaint, Lackawanna County Court of Common Pleas No. 19-CV-7102, at ¶ 17, attached hereto as **Exhibit "A"**.

2. After Defendant, Adecco USA, Inc. ("Defendant"), refused to hire Plaintiff due to his status as a licensed medical marijuana cardholder, Plaintiff commenced the instant action by means of a putative Class Action Complaint filed

in the Lackawanna County Court of Common Pleas on December 3, 2019. See generally id.

3. Plaintiff's Complaint asserts a claim for violation of the MMA (Count I), and a claim for wrongful discharge/wrongful rescission of offer of employment under Pennsylvania common law (Count II). See id. at ¶¶ 53-68.

4. At the low end, the amount in controversy in this action is $4,060, and at the high end, the amount in controversy is $20,300.

5. On January 9, 2020, Defendant filed a Notice of Removal in this Court. See generally (Doc. 1).

6. Defendant asserts diversity jurisdiction as its basis for removal, and alleges that the amount in controversy in this action exceeds $75,000.00. Id. at ¶¶ 7-17.

7. Defendant argues that by the time of trial, Plaintiff's lost wages will equal $97,500, and further contends that punitive damages and attorneys' fees should be included in the Court's calculation of the amount in controversy. Id. at ¶¶ 12-15.

8. Defendant, however, mispresents the nature of the position for which Plaintiff applied.

9. Specifically, the position for which Plaintiff applied was a *seasonal*, not permanent position. See Declaration of Eaton A. Lang IV, attached hereto as

**Exhibit "B"**, at ¶ 5.

10. More importantly, Plaintiff secured permanent full-time employment in early January 2020. See id. at ¶¶ 6-7.

11. A plaintiff's mitigation in damages from new employment must be taken into account in determining the amount in controversy. See Lupole v. Collins Pine Co., 2007 WL 3023962, at *8-9 (W.D. Pa. Oct. 12, 2007).

12. Plaintiff's lost wages from November 19, 2019 (the date of his job interview with Defendant) through the start date of his current job are approximately $4,060.

13. Further, while Defendant argues that punitive damages should be added to the amount in controversy, Defendant has "failed to prove what possible exposure exist[s] with respect to punitive damages so as to satisfy any portion of the . . . amount in controversy requirement." See Morgan v. Gay, 471 F.3d 469, 475 (3d Cir. 2006).

14. Because compensatory damages do not comprise the bulk of the amount in controversy, combined with the fact that Defendant has offered nothing to substantiate the value of Plaintiff's punitive damages claims, the Court may not simply rely on Plaintiff's Complaint's demand for punitive damages. See Lupole, 2007 WL 3023962, at *9; Mordecai v. Progressive Cas. Ins. Co., 2019 WL 5787980, at *4-5 (E.D. Pa. Nov. 5, 2019).

15. Instead, the Court must attempt to ascertain the value of a potential punitive damages award. See Lupole v. Collins Pine Co., 2007 WL 3023962, at *9; Mordecai, 2019 WL 5787980, at *4-5.

16. The United States Supreme Court has stated that "an award [of punitive damages] of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S 408, 425 (2003) (citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23-24 (1991)).

17. Given that Plaintiff's compensatory damages equal approximately $4,060, a punitive damages award of greater than $16,240 would be unlikely to pass constitutional muster. See id.

18. Therefore, even if the Court determines that punitive damages should be factored into its determination of the amount in controversy, it should allocate no more than $16,240 to such an award.

19. Defendant further argues that Plaintiff's attorneys' fees should be included in calculating the amount in controversy.

20. "[A]ttorney's fees are necessarily part of the amount in controversy *if such fees are available to successful plaintiffs under the statutory cause of action*." Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir.1997), as amended (Feb. 18, 1997) (emphasis added).

21. Defendant has not cited to any statute or controlling authority holding that attorneys' fees are available under the MMA or a common law claim for wrongful discharge.

22. For this reason, attorneys' fees should not be factored into the Court's determination of the amount in controversy.

23. Accordingly, the amount in controversy in this action equals between $4,060 and $20,300.

24. The Court's jurisdictional threshold of $75,000 has not been met, and this matter must be remanded to the Lackawanna County Court of Common Pleas.

25. Finally, because Defendant's Notice of Removal: (i) is based on a misleading sworn declaration by an individual who had no interaction with Plaintiff; (ii) assumes that Plaintiff would not secure gainful employment of any kind *for the next three years*; (iii) fails to make any showing as to the likelihood or amount of punitive damages; and (iv) fails to cite any authority rendering an award of Plaintiffs' attorneys' fees appropriate under the claims at issue in this action, Defendant's decision to remove this action lacked an "objectively reasonable" basis, and Plaintiff must therefore be awarded his attorneys' fees incurred in connection with the instant motion. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); 28 U.S.C. § 1447(c).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant his Motion to Remand Action to the Lackawanna County Court of Common Pleas, award him his attorneys' fees incurred in connection with this Motion, and enter the Order attached hereto.

Respectfully submitted,

**Law Office of Peter C. Wood, Jr., PC**

Date: 1/24/2020     BY:   *s/ Peter C. Wood, Jr.*
Peter C. Wood, Jr., Esq. (PA 310145)
1170 Route 315, Suite 1
Wilkes-Barre, PA 18702
Phone: (570) 234-0442
Fax: (570) 266-5402
peter@pcwlawoffice.com

**Mobilio Law, LLC**

BY:   *s/ Matthew Mobilio*
Matthew Mobilio, Esq. (PA 209439)
609 W. Hamilton St., Suite 301
Allentown, PA 18101
Phone: (610) 882-4000
Fax: (866) 793-7665
matt@mobiliolaw.com

*Co-Counsel for Plaintiff Eaton A. Lang IV*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EATON A. LANG IV,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADECCO USA, INC.,<br><br>　　　　　Defendant. | No. 3:20-CV-0044<br><br>(Honorable A. Richard Caputo) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of January, 2020, the foregoing Motion to Remand Action to the Lackawanna County Court of County Pleas was electronically filed and served on all counsel of record via the Court's ECF filing system.

　　　　　　　　　　　　　　　　　　*s/ Peter C. Wood, Jr.*
　　　　　　　　　　　　　　　　　　Peter C. Wood, Jr., Esq. (PA 310145)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EATON A. LANG IV, <br><br> Plaintiff, <br><br> v. <br><br> ADECCO USA, INC., <br><br> Defendant. | No. 3:20-CV-0044 <br><br> (Honorable A. Richard Caputo) |

## **CERTIFICATION OF NON-CONCURRENCE**

Pursuant to Local Rule 7.1, the undersigned hereby certifies that Plaintiff's counsel conferred with counsel for Defendant Adecco USA, Inc., who does not concur with the relief requested in Plaintiff's Motion to Remand Action to the Lackawanna County Court of Common Pleas.

*s/ Peter C. Wood, Jr.*
Peter C. Wood, Jr., Esq. (PA 310145)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EATON A. LANG IV,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ADECCO USA, INC.,<br><br>　　　　　　Defendant. | No. 3:20-CV-0044<br><br>(Honorable A. Richard Caputo) |

## ORDER

**AND NOW, THIS _____ DAY OF _____, 2020**, upon consideration of Plaintiff Eaton A Lang IV's Motion to Remand Action to the Lackawanna County Court of Common Pleas, and any response thereto, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion is **GRANTED**. It is **FURTHER ORDERED** that the instant action is remanded to the Lackawanna County Court of Common Pleas, and that counsel for Defendant Adecco USA, Inc. shall pay Plaintiff his attorneys' fees incurred in connection with his Motion.

　　　　　　　　　　　　　　　　　　　**BY THE COURT**:

　　　　　　　　　　　　　　　　　　　_____