IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EATON A. LANG IV,<br><br>    Plaintiff,<br><br>v.<br><br>ADECCO USA, INC.,<br><br>    Defendant. | No. 3:20-CV-0044<br><br>(Honorable A. Richard Caputo) |

**PLAINTIFF EATON A LANG IV'S BRIEF IN SUPPORT OF HIS MOTION TO REMAND ACTION TO THE LACKAWANNA COUNTY COURT OF COMMON PLEAS**

Plaintiff, Eaton A. Lang IV, through his counsel, Law Office of Peter C. Wood, Jr., PC and Mobilio Law, LLC, submits the instant Brief in Support of his Motion to Remand Action to the Lackawanna County Court of Common Pleas, and in support thereof aver as follows:

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Eaton A. Lang IV ("Plaintiff") is a certified medical marijuana cardholder in accordance with the Pennsylvania Medical Marijuana Act, 35 P.S. § 10231.101 *et seq.* ("MMA"). Motion to Remand, Exhibit "A", at ¶ 17.

In or around mid-November 2019, Plaintiff submitted an application for employment with Defendant, Adecco USA, Inc. ("Defendant"). Id. at ¶ 18. Defendant is one of the largest providers of recruitment and staffing services in the

United States.  Id. at ¶¶ 2.

On or around November 19, 2019, Plaintiff interviewed with Defendant's representative, Jillian Martell ("Martell"), concerning several job placement opportunities available with Defendant.  Id. at ¶ 19.  Martell advised Plaintiff that the position for which he had applied online, a Forklift Operator at Defendant's client, Adidas, was a seasonal position.  Motion to Remand, Exhibit "B" at ¶ 5.  At the conclusion of the interview, Martell stated that in order for Plaintiff to be eligible for employment with Defendant, he was first required to pass a drug test.  Motion to Remand, Exhibit "A", at ¶ 20.

Plaintiff submitted to the required drug test, and disclosed his status as a medical marijuana cardholder.  Id. at ¶¶ 21-26.  Nevertheless, after Plaintiff's drug screening indicated the presence of marijuana, Martell contacted Plaintiff and advised him that he was not eligible for employment with Defendant due to his positive drug test.  Id. at ¶ 27.  Martell further stated that Defendant does not recognize the protections afforded to Pennsylvania employees by the MMA.  Id. at ¶¶ 28-29.

On December 3, 2019, Plaintiff filed a putative Class Action Complaint against Defendant in the Lackawanna County Court of Common Pleas.  See generally id.  Plaintiff's Class Action Complaint asserts a claim for violation of the MMA (Count I), and a claim for wrongful discharge/wrongful rescission of offer

of employment under Pennsylvania common law (Count II).  See id. at ¶¶ 53-68.

On or around January 7, 2020, Plaintiff secured permanent full-time employment at Shamokin Carbons, at a rate of $14.00 per hour.  Motion to Remand, Exhibit "B" at ¶¶ 6-7.

On January 9, 2020, Defendant filed a Notice of Removal in this Court.  See (Doc. 1).  Defendant asserts diversity jurisdiction as its basis for removal, and alleges that the amount in controversy in this action exceeds $75,000.

## II.  STATEMENT OF QUESTIONS INVOLVED

1. Should this Honorable Court remand this action to the Lackawanna County Court of Common Pleas, where Defendant has failed to establish that the amount in controversy exceeds $75,000?

    *Suggested Answer: Yes*

2. Should this Honorable Court award Plaintiff his attorneys' fees incurred in connection with this motion, where Defendant lacked an objectively reasonable basis for removing the instant action to this Court?

    *Suggested Answer: Yes*

## III.  ARGUMENT

### A.  Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the

district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a).  A district court may exercise subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Where state practice "either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" in a complaint, the defendant may assert an amount in controversy in its notice of removal.  28 U.S.C. § 1446(c)(2).

The defendant bears the burden of proof on establishing the amount of controversy and "must justify its jurisdictional assertions with some objective, factual basis."  Ahmed Sharawi v. WWR Premier Holdings, LLC, 2020 WL 93942, at *4 (E.D. Pa. Jan. 7, 2020) (quoting Portillo v. Nat'l Freight, Inc., 169 F. Supp. 3d 585, 597 (D.N.J. 2016)).  "[E]stimations of the amounts recoverable must be realistic."  Id. (quoting Congregation of Beth Israel of Mahanoy City v. Congregation Eitz Chayim of Dogwood Park, 2017 WL 3392353, at *3 (M.D. Pa. Aug. 7, 2017)).  "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."  Mordecai v. Progressive Cas. Ins. Co., 2019 WL 5787980, at *2 (E.D. Pa. Nov. 5, 2019) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)).

### B. Defendant has Failed to Establish that the Amount in Controversy Exceeds $75,000

In its Notice of Removal, Defendant asserts that the amount in controversy in this action exceeds $75,000. In support of its position, Defendant contends that by the time of trial, Plaintiff's lost wages will equal $97,500, and relies on Plaintiff's *ad damnum* clauses for the notion that punitive damages and attorneys' fees should be included in the Court's calculation of the amount in controversy. However, as set forth below, Defendant's wage loss calculation is based on a disingenuous sworn declaration, and fails to account for Plaintiff's mitigation of damages from new employment. Further, Defendant fails to establish what possible exposure exists with respect to punitive damages, and does not cite to any legal authority allowing for an award of attorneys' fees under the claims at issue in this case. Accordingly, Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000, and this action should be remanded to the Lackawanna County Court of Common Pleas.

### 1. The Adidas Position for Which Plaintiff Applied was a Seasonal Position and, in any Event, Plaintiff has Already Secured New Employment

Defendant alleges that by the time of trial, Plaintiff's lost wages will equal approximately $97,500. (Doc. 1) at ¶ 12. As a starting point for its wage loss calculation, Defendant attaches to its Notice of Removal the Declaration of

5

Jessenia Lopez.  See (Doc. 1), Exhibit D.  Ms. Lopez has never met Plaintiff, and was not privy to any of Plaintiff's discussions with Ms. Martell.

Nonetheless, Ms. Lopez's declaration states, in relevant part, "Eaton A. Lang IV applied for a position as forklift operator with Adecco's client, Adidas. The hourly rate of pay for this position was $14.50 per hour, *for an annual target compensation of approximately $30,000*."  Id., Exhibit D at ¶ 3 (emphasis added). Based on Ms. Lopez's declaration, Defendant notes that the average time for a case to proceed to trial in the United States District Court for the Middle District of Pennsylvania is 37.4 months, and concludes that Plaintiff's lost wages will therefore equal $97,500 by the time of trial.  Id. at ¶ 12.[1]

In actuality, and contrary to Ms. Lopez's sworn attestation as to Plaintiff's "annual" target compensation, Plaintiff was advised during his interview with Ms. Martell that the Adidas position at issue was a ***seasonal position***.  See Motion to Remand, Exhibit "B" at ¶ 5.  Thus, although the exact duration of the "seasonal" Adidas position is within Defendant's possession, it can be assumed that Plaintiff's

---

[1] Defendant also notes that Plaintiff's *ad damnum* clauses seek in excess of $50,000.  (Doc. 1) at ¶ 16.  However, under Third Circuit precedent, a "Plaintiff['s] *ad damnum* clauses are not dispositive of the amount in controversy, and [the court] must consider whether Defendant has shown to a legal certainty that [the] Plaintiff's actual monetary demands exceed the jurisdictional threshold." Mordecai, 2019 WL 5787980, at *4 (citing Morgan v. Gay, 471 F.3d 469, 474-75 (3d Cir. 2006)).

target compensation was in the range of $7,540.[2] Given the seasonal nature (and finite length) of Plaintiff's position, there is no need to extrapolate Plaintiff's continuing wage loss through the time of trial as Defendant suggests.

More importantly, Plaintiff mitigated his damages and secured permanent full-time employment on or around January 7, 2020, at a rate of $14.00 per hour. Therefore, Plaintiff's lost wages from November 19, 2019 (the date of his job interview with Defendant) through the start date of his current job are approximately $4,060.[3] A plaintiff's mitigation in damages from new employment must be taken into account in determining the amount in controversy. See Lupole v. Collins Pine Co., 2007 WL 3023962, at *8-9 (W.D. Pa. Oct. 12, 2007) (offsetting value of wage loss claim with the court's estimate of earnings from new employment, and remanding action due to the defendant's failure to satisfy amount in controversy requirement). Accordingly, for purposes of determining the amount in controversy in this action, Plaintiff's lost wages are approximately $4,060.[4]

---

[2] Assuming four 13-week seasons in a year, $580 per week x 13 weeks = $7,540.

[3] $580 per week x 7 weeks = $4,060.

[4] This estimate does not account for the continuing $0.50 differential between the $14.50 hourly rate of the seasonal Adidas position for which Plaintiff applied and the $14.00 hourly rate of Plaintiff's current position, because the precise end date of the seasonal Adidas position is unknown to Plaintiff. However, assuming that the seasonal Adidas position would have continued through Spring 2020, Plaintiff's lost wages from the start date of his current job (January 7, 2020) through the projected end date of the Adidas position (March 19, 2020) will only be increased by approximately $200 ($0.50 x 40 hours per week x 10 weeks). In

## 2. Defendant has Failed to Prove What Possible Exposure Exists With Respect to Punitive Damages

Relying on Plaintiff's Complaint's *ad damnum* clauses, Defendant argues that punitive damages should be incorporated into the Court's calculation of the amount in controversy. See (Doc. 1) at ¶ 13. Defendant, however, has "failed to prove what possible exposure exist[s] with respect to punitive damages so as to satisfy any portion of the . . . amount in controversy requirement." See Morgan, 471 F.3d at 475. This requirement is particularly necessary where, as here, "compensatory damages do not comprise the bulk of the amount in controversy . . . ." See Lupole, 2007 WL 3023962, at *9. Indeed, "the fact that plaintiff has stated a valid punitive damages claim does not mean that the amount in controversy is satisfied." Id. at *6. Instead, a district court must "assess the claims and attempt to translate those claims into monetary sums." Id. (quoting Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398-99 (3d Cir.2004)).

Here, Plaintiff's compensatory damages in the form of lost wages only equal approximately $4,060, and Defendant has failed to articulate why it may be liable for punitive damages or to quantify the size of such an award. Thus, the Court may not simply rely on Plaintiff's Complaint's demand for punitive damages, but

---

fact, even if the Adidas position at issue was a permanent position as Defendant alleges, Plaintiff's lost wages by the time of trial will only be increased by approximately $2,992 ($0.50 x 40 hours per week x 37.4 months).

must attempt to ascertain the monetary value of an award of punitive damages. See id. at *9 ("Because compensatory damages do not comprise the bulk of the amount in controversy combined with the fact that Defendant has offered nothing to substantiate the value of Plaintiff's claims, this is a case requiring particularly close scrutiny.") (internal quotation marks omitted); see also Mordecai, 2019 WL 5787980, at *4-5 ("[E]ach Plaintiff can recover only $15,000 in UIM benefits. Thus, in order to reach the requisite amount in controversy, at least one of the Plaintiffs would have to receive a punitive damages award of more than $60,000. Defendant has provided no basis for the Court to find that either Plaintiff will receive such an award. . . . [T]his matter will be remanded to the Court of Common Pleas of Montgomery County.").

The United States Supreme Court has stated that "an award [of punitive damages] of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S 408, 425 (2003) (citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23-24 (1991)). In the present matter, given that Plaintiff's compensatory damages equal approximately $4,060, a punitive damages award of greater than $16,240 would be unlikely to pass constitutional muster. See id. Therefore, even if the Court determines that punitive damages should be factored into its determination of the amount in controversy, it should allocate no more than

9

$16,240 to such an award.  Adding a punitive damages award of $16,240 to Plaintiff's compensatory damages of $4,060 results in a total amount in controversy of approximately $20,300 – nowhere near this Court's $75,000 jurisdictional threshold.  This matter must be remanded.

### 3. Defendant has Not Established that Attorneys' Fees are Available Under Either of Plaintiff's Causes of Action

Again relying on Plaintiff's *ad damnum* clauses, Defendant asserts that Plaintiff's attorneys' fees should be included in the Court's determination of the amount in controversy.  See (Doc. 1) at ¶ 14.  "[A]ttorney's fees are necessarily part of the amount in controversy *if such fees are available to successful plaintiffs under the statutory cause of action*."  Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir.1997), as amended (Feb. 18, 1997) (emphasis added).  Defendant has not cited to any statute or controlling authority holding that attorneys' fees are available under the MMA or a common law claim for wrongful discharge, and its argument in this regard can therefore quickly be disposed of.  No attorneys' fees should be included in the Court's determination of the amount in controversy.

### C. Plaintiff Should be Awarded His Attorneys' Fees Incurred in Connection with the Instant Motion as Defendant Lacked an Objectively Reasonable Basis for Seeking Removal

An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

10

removal." 28 U.S.C. § 1447(c).  The United States Supreme Court has held that fees under § 1447(c) may be awarded when the removing party lacks "an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  This standard does not require "a showing that the unsuccessful party's position was frivolous, unreasonable, or without foundation." Id. at 139 (internal quotation marks omitted).  Nor does it require a showing of bad faith. Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  All that is required for the exercise of a district court's discretion in favor the award of fees is that "the assertion in the removal petition that the district court had jurisdiction was . . . at best insubstantial." Id. at 1261.

In the present matter, the foundation of Defendant's calculation of the alleged amount in controversy is its claim – based on a sworn declaration of a paralegal who had no interaction with Plaintiff and was not privy to Plaintiff's discussions with Ms. Martell – that Plaintiff's "annual target compensation" at Adidas was approximately $30,000.  In reality, Plaintiff was advised that the Adidas position at issue was a *seasonal position*, meaning that it would have likely spanned a period of three to four months.  Defendant next compounds its misrepresentation, alleging that Plaintiff's lost wages by the time of trial will equal $97,500 – a figure that not only completely ignores the seasonal nature of Plaintiff's Adidas position, but assumes that Plaintiff would not secure gainful

11

employment of any kind *for the next three years*.  Further, Defendant argues that punitive damages and attorneys' fees should be added to the amount in controversy, without making any showing as to the likelihood or amount of punitive damages, and without citing any authority rendering an award of attorneys' fees appropriate under the claims at issue in this action.  Under these circumstances, Defendant cannot be said to have possessed an "objectively reasonable" basis for its decision to remove this action, and this Court should therefore award Plaintiff his attorneys' fees.

## IV.     CONCLUSION

The amount in controversy in this action, at the low end, equals approximately $4,060.  At the high end, assuming an award of punitive damages of four times the amount of Plaintiff's lost wages, the amount in controversy equals approximately $20,300.  This Court's jurisdictional threshold of $75,000 has not been met.  Moreover, Defendant lacked an objectively reasonable basis for removing the instant action.  Accordingly, Plaintiff respectfully requests that this Honorable Court grant his motion, remand this action to the Lackawanna County Court of Common Pleas, and award him the attorneys' fees incurred in connection with his motion.

Respectfully submitted,

**Law Office of Peter C. Wood, Jr., PC**

Date: 1/24/2020          BY:   *s/ Peter C. Wood, Jr.*
                                Peter C. Wood, Jr., Esq. (PA 310145)
                                1170 Route 315, Suite 1
                                Wilkes-Barre, PA 18702
                                Phone: (570) 234-0442
                                Fax: (570) 266-5402
                                peter@pcwlawoffice.com

                         **Mobilio Law, LLC**

                         BY:   *s/ Matthew Mobilio*
                                Matthew Mobilio, Esq. (PA 209439)
                                609 W. Hamilton St., Suite 301
                                Allentown, PA 18101
                                Phone: (610) 882-4000
                                Fax: (866) 793-7665
                                matt@mobiliolaw.com

                         *Co-Counsel for Plaintiff Eaton A. Lang IV*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EATON A. LANG IV, <br><br>    Plaintiff, <br><br>v. <br><br>ADECCO USA, INC., <br><br>    Defendant. | No. 3:20-CV-0044 <br><br>(Honorable A. Richard Caputo) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of January, 2020, the foregoing Brief in Support of Plaintiff's Motion to Remand Action to the Lackawanna County Court of County Pleas was electronically filed and served on all counsel of record via the Court's ECF filing system.

*s/ Peter C. Wood, Jr.*
Peter C. Wood, Jr., Esq. (PA 310145)
