## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EATON A. LANG IV, individually          :
and on behalf of all similarly          :
situated persons,                       :
                                        :          **Case No. 3:20-cv-00044-ARC**
          **Plaintiffs,**          :
                                        :          *Civil Action*
**vs.**                                 :
                                        :          *Honorable A. Richard Caputo*
**ADECCO USA, INC.,**                   :
                                        :          *Electronically Filed*
          **Defendant.**           :
                                        :

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
## <u>TO PLAINTIFF'S MOTION TO REMAND</u>

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...............................................................................................1

II.   STATEMENT OF FACTUAL ALLEGATIONS ...........................................2

III.  PROCEDURAL HISTORY ............................................................................3

IV.   QUESTIONS FOR REVIEW.........................................................................4

V.    LEGAL ARGUMENT....................................................................................4

     A.    Standard of Review ..............................................................................5

     B.    The Complaint Establishes that the Amount in Controversy
           Exceeds $75,000, and Plaintiff Cannot Stipulate Otherwise to
           Defeat Jurisdiction..................................................................................6

           1.    Plaintiff Allegedly Applying for a Seasonal Position Does Not
                 Prevent Adecco from Establishing the Amount in Controversy 8

           2.    Plaintiff's New Job Does Not Establish that the Amount in
                 Controversy Falls Below $75,000 ...........................................10

           3.    Plaintiff's Complaint Requests Attorneys' Fees, Which Should
                 Be Considered When Arriving at the Amount in Controversy 13

     C.    Plaintiff Is Not Entitled to Attorneys' Fees on His Motion to
           Remand...................................................................................................14

VI.   CONCLUSION.............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angus v. Shiley Inc.*,
  989 F.2d 142 (3d Cir. 1993) ..............................................................4

*Booker v. Taylor Milk Co., Inc.*,
  64 F.3d 860 (3d Cir. 1995) ...............................................................10

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81 (2014)........................................................................6, 12

*Donlin v. Philips Lighting N. Am. Corp.*,
  581 F.3d 73 (3d Cir. 2009) .............................................................9, 10

*Donlin v. Phillips Elec. N. Am. Corp.*,
  2007 WL 1238541 (M.D. Pa. Apr. 26, 2007) *vacated and
  remanded on other grounds* 581 F.3d 73 .........................................9

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) ...............................................................6

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005)..........................................................................14

*Miller v. Hygrade Food Prods. Corp.*,
  198 F.R.D. 638 (E.D. Pa. 2001).........................................................9

*Morgan v. Gay*,
  471 F.3d 469 (3d Cir. 2006) .............................................................12

*Perez v. Luxury Retreats Processing Inc.*,
  2019 WL 7373022 (D.N.J. Dec. 5, 2019).........................................13

*Samuel-Bassett v. Kia Motors Am., Inc.*,
  357 F.3d 392 (3d Cir. 2004) ...............................................................7

*Signature Bldg. Sys., Inc. v. Spears Manuf. Co.*,
  2018 WL 1123724 (M.D. Pa. Feb. 26, 2018) (Caputo, J.)................12

*Sussman v. Capital One, N.A.*,
  2014 WL 5437079 (D.N.J. Oct. 24, 2014) ........................................................ 11

*Uddin v. Sears, Roebuck & Co.*,
  2014 WL 316988 (D.N.J. Jan. 27, 2014) ........................................................... 5

*Walker v. Monocacy Valley Elec., Inc.*,
  2018 WL 5994601 (M.D. Pa. Nov. 15, 2018) ................................................... 12

*Werwinski v. Ford Motor Co.*,
  286 F.3d 661 (3d Cir. 2002) ............................................................................. 12

**Statutes**

28 U.S.C. § 1332 ............................................................................... 1, 5, 14

28 U.S.C. § 1441 ............................................................................... 1, 5, 14

28 U.S.C. § 1446(c)(2) ............................................................................ 5

28 U.S.C. § 1446(c)(2)(A)(ii) .................................................................. 5

28 U.S.C. § 1446(c)(2)(B) ...................................................................... 12

Pennsylvania's Medical Marijuana Act ............................................... *passim*

**Other Authorities**

Pa. R. Civ. P. 1021(b) ............................................................................... 5

Defendant Adecco USA, Inc. ("Adecco" or "Defendant"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the Motion to Remand filed by Plaintiff Eaton A. Lang IV ("Plaintiff" or "Mr. Lang").  Plaintiff's motion should be denied because this Court has subject matter jurisdiction over this case.

## I.   <u>INTRODUCTION</u>

On January 9, 2020, Adecco appropriately removed this matter to the United States District Court for the Middle District of Pennsylvania on diversity grounds, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).  (*See* Notice of Removal, ECF No. 1).  Despite twice demanding damages in excess of $50,000 in his Complaint, on January 24, 2020, Plaintiff filed a motion to remand in which he seemingly concedes that the parties are diverse, but claims, for the first time, that the amount in controversy falls below the Court's jurisdictional threshold of $75,000.  (*See* Pl.'s Mot. to Remand, ECF No. 6).

Plaintiff now seeks to stipulate that his damages are limited to a maximum of $20,300.  However, such a stipulation by Plaintiff is immaterial to this Court's analysis; and in any event, Plaintiff's allegations and relief sought in the Complaint belie his assertion that the amount in controversy falls below $75,000.  Looking beyond the cherry-picked facts presented in Plaintiff's motion, the amount in

controversy clearly exceeds the jurisdictional threshold, and Plaintiff's motion should be denied accordingly.

Plaintiff also argues that Adecco's removal was not objectively reasonable because Adecco should have somehow divined that Plaintiff obtained new employment two days before it removed this case to federal court. As a result, Plaintiff claims he is entitled to attorneys' fees. This argument has no basis in fact or law. Thus, even if the Court ultimately disagrees that the amount in controversy exceeds $75,000, Plaintiff's request for attorneys' fees should be denied.

## II.    STATEMENT OF FACTUAL ALLEGATIONS

According to the Complaint, in mid-November 2019, Plaintiff applied for employment with Adecco, a national recruiting and staffing service. (Compl. ¶¶ 4, 11, 18). On November 19, 2019, "Plaintiff interviewed with Defendant's representative, Jillian Martell ('[Ms.] Martell') concerning several job placement opportunities available through Defendant." (Compl. ¶ 19). At the conclusion of the interview, Plaintiff claims Ms. Martell informed him that he needed to pass a drug test before he was eligible for employment. (Compl. ¶¶ 5, 20).

When submitting for the drug test, Plaintiff claims he notified the nurse collecting his sample and the physician reviewing the results of his test that he was licensed to use medical marijuana under Pennsylvania's Medical Marijuana Act ("MMA"). (Compl. ¶¶ 23-25). Thereafter, Plaintiff alleges Ms. Martell informed

him that he was ineligible for employment with Adecco due to testing positive for marijuana.  (Compl. ¶¶ 7, 27).

Plaintiff has brought two claims against Adecco: (1) violation of the MMA ("Count I"); and (2) "wrongful discharge/wrongful rescission of offer of employment" in violation of public policy ("Count II").  (Compl. ¶¶ 53-68).  With respect to ***each Count***, Plaintiff seeks:

> An order awarding damages against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00), as well as an award of punitive damages, together with lawful interest thereon; [ ] [a]n order awarding attorneys' fees and costs; and [a]ll other relief as this Honorable Court deems just and proper.

(Compl., *ad damnum* clauses).

## III.  PROCEDURAL HISTORY

On December 3, 2019, Plaintiff filed his Complaint in the Court of Common Pleas for Lackawanna County, Pennsylvania.  On January 9, 2020, Adecco timely removed this matter to the United States District Court for the Middle District of Pennsylvania.  Then, on January 24, 2020, Plaintiff filed the instant motion to remand, arguing that removal was improper because the amount in controversy does not exceed $75,000.  Adecco now submits this Memorandum of Law in Opposition to Plaintiff's motion.

IV.   **QUESTIONS FOR REVIEW**

    1) Does the amount in controversy for Plaintiff's claims exceed $75,000, such that Adecco's removal of this matter to federal court was proper?

        <u>Suggested Answer</u>:  Yes.

    2) Has Plaintiff failed to establish that Adecco lacked an objectively reasonable basis for seeking removal, as required for an award of attorneys' fees in connection with a motion to remand?

        <u>Suggested Answer</u>:  Yes.

V.   **LEGAL ARGUMENT**

In a transparent attempt to deprive Adecco of its right to remove this action to federal court, Plaintiff's motion to remand contradicts several sworn statements made in his verified Complaint and disavows his own requests for relief.  It is well established, however, that "a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938)).   In assessing the amount in controversy, this Court should ignore Plaintiff's efforts to alter his Complaint, and instead focus on the facts pled and relief sought therein. When viewed through the proper lens, Plaintiff's claims easily satisfy the

jurisdictional threshold of $75,000, and Plaintiff's motion to remand should be denied.[1]

## A.   **Standard of Review**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."   28 U.S.C. § 1441(a).   "[D]istrict courts [ ] have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States. . . ."   28 U.S.C. § 1332(a)(1).   Where a defendant removes based upon diversity of citizenship, the amount in controversy is derived from the sum demanded in good faith in the Complaint.   28 U.S.C. § 1446(c)(2).   Where, as here, the state court does not permit a demand for a specific sum, *see* Pa. R. Civ. P. 1021(b), the notice of removal may assert the amount in controversy.   28 U.S.C. § 1446(c)(2)(A)(ii).

"[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal[,]'" and courts should apply the same liberal reading to

---

[1] Adecco does not concede that it has violated the MMA, Pennsylvania public policy, or otherwise engaged in any unlawful behavior, nor does it believe that Plaintiff is entitled to any relief.   Adecco's assertions in this Opposition relating to Plaintiff's potential ability to recover various forms of damages are made solely for the purpose of demonstrating that the requisite amount in controversy has been satisfied to convey subject matter jurisdiction upon this Court. *See Uddin v. Sears, Roebuck & Co.*, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) ("An action does not become removable if and only if the removing defendant concedes liability.").

removal allegations as those applied to other pleadings. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, Defendants may simply allege or assert that the jurisdictional threshold has been met" in a Notice of Removal. *Id.* at 88-89 (quoting H.R. Rep. No. 112-10, p. 16).

Where the amount in controversy is challenged by a plaintiff through a motion to remand, "the district court must make findings of jurisdictional fact" as to whether the amount in controversy has been satisfied, and "discovery may be taken with regard to that question." *Id.* In deciding the amount in controversy, courts apply a preponderance of the evidence standard. *Id.* (citing H.R. Rep. No. 112-10, p. 16; 28 U.S.C. § 1446(c)(2)(B)) (emphasis added).

As the allegations and requests for relief set forth in Plaintiff's Complaint clearly establish that the amount in controversy exceeds $75,000, Plaintiff's motion to remand should be denied.

### B. <u>The Complaint Establishes that the Amount in Controversy Exceeds $75,000, and Plaintiff Cannot Stipulate Otherwise to Defeat Jurisdiction</u>

In order to determine the amount in controversy, district courts must first consider the relief sought in the Complaint and determine whether that relief is available under the relevant state law(s). *See Frederico v. Home Depot*, 507 F.3d

188, 197 (3d Cir. 2007) (amount in controversy begins with a reading of the complaint filed in the state court and the relief sought therein, including punitive damages and attorneys' fees, where available); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 397-98 (3d Cir. 2004) (amount in controversy determined by what relief is available under state law at issue). In his Complaint, Plaintiff seeks lost wages, punitive damages, and attorneys' fees under both the MMA and Pennsylvania common law. (Compl., *ad damnum* clauses).[2]

In his motion, Plaintiff raises three main arguments in support of remand: (1) that he applied for a seasonal position, and therefore, back pay is cut off beyond the position's intended end date; (2) that he has obtained new employment, capping back pay and punitive damages; and (3) Adecco has not cited a statute or case law in support of the proposition that Plaintiff can recover his attorneys' fees. (*See* Pl.'s Br. at pp. 5-10). None of these arguments establishes that the amount in controversy falls below $75,000, and therefore, Plaintiff's motion should be denied.

---

[2] Plaintiff seemingly concedes that back pay and punitive damages are available remedies under the MMA and/or Pennsylvania public policy, focusing his challenge on the amount of those damages rather than their availability. (*See* Pl.'s Br., ECF No. 7, at pp. 5-10).

**1.    Plaintiff Allegedly Applying for a Seasonal Position
Does Not Prevent Adecco from Establishing the
Amount in Controversy**

As an initial matter, Plaintiff's Complaint seeks damages in excess of
$50,000.  Despite this, in his brief, Plaintiff claims for the first time that he applied
for a seasonal position with Adecco, and therefore his lost wages cannot possibly
exceed $7,540.  (Pl.'s Br. at pp. 6-7).  He further argues that the Declaration of
Jessenia Lopez, submitted by Adecco in support of removal, is disingenuous and
false because it considers his annual target compensation rather than one season's
wages.  (*See* Pl.'s Br. at pp. 5-7; Lopez Decl., ECF No. 1-4).  Plaintiff is wrong on
both counts.

Plaintiff's assertion that he applied for a seasonal position appears to be
based solely on his recounting of a conversation he had with Ms. Martell.  (Lang
Decl. ¶ 5).  He presents no other evidence on this point, nor does he address the
multiple other positions for which he allegedly interviewed, according to his own
verified Complaint.  (*See* Compl. ¶ 19).  Moreover, Plaintiff does not (and cannot)
even articulate a date on which this position would have ended had he been placed
into the role.  Even if Plaintiff's arguments on this point were correct, however,
they are hardly dispositive.

Plaintiff cites no authority for the proposition that an employee applying for
a seasonal or temporary position is automatically prohibited from seeking back pay

8

beyond the preliminary intended end date of the temporary position (which Plaintiff has not even identified). To the contrary, plaintiffs in employment cases routinely seek back pay extending well beyond the initial intended end date of temporary positions, and such an award may be appropriate depending on the specific facts of the case. *See, e.g.*, *Donlin v. Phillips Elec. N. Am. Corp.*, 2007 WL 1238541 (M.D. Pa. Apr. 26, 2007) *vacated and remanded on other grounds* 581 F.3d 73 (awarding employee who was terminated following a temporary assignment back pay between discharge and time of trial, as well as ten years of front pay); *Miller v. Hygrade Food Prods. Corp.*, 198 F.R.D. 638 (E.D. Pa. 2001) (class action plaintiffs seeking back pay and front pay from employer that failed to permanently hire plaintiffs after the conclusion of temporary assignments). Adecco acknowledged this reality when drafting its notice of removal and identifying the target annual compensation for Plaintiff's applied-for position.

Importantly, the fact that Plaintiff specifically requested an amount exceeding $50,000 also indicates that he intended to argue that he was entitled to lost wages after the conclusion of his seasonal position, despite arguing to the contrary now. Plaintiff cannot use this post hoc argument to deprive the Court of jurisdiction.

### 2.   Plaintiff's New Job Does Not Establish that the Amount in Controversy Falls Below $75,000

Plaintiff also argues that remand is appropriate because, as of January 7, 2020, he obtained new "full-time" employment earning $14.00 per hour. (*See* Pl.'s Br. at pp. 6-7; Lang Decl. ¶¶ 6-7).  Despite the fact that this new position has a lower hourly rate than the applied-for position with Adecco (*see* Lopez Decl. ¶ 3), Plaintiff claims the new job caps his potential back pay at $4,060.  Plaintiff's alleged new role, however, in no way conclusively establishes that his back pay is capped as of January 7, 2020.

In order to establish that back pay is completely cut off for jurisdictional purposes, Plaintiff would have to first prove, and the court would have to find, that Plaintiff's new position is "better or substantially equivalent" to the positions he sought with Adecco.  *See Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 85 (3d Cir. 2009) (quoting *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 236 (1982)).  A substantially equivalent position is one that affords "virtually identical promotional opportunities, compensation, job responsibilities, and status" as the position sought by the plaintiff.  *Id.*; *see also Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 866 (3d Cir. 1995).

It is clear that Plaintiff's new position is not substantially equivalent to the applied-for position with Adecco.  As an initial matter, the two positions *cannot* be substantially equivalent because Plaintiff earns less per hour in his new role.

10

(*Compare* Lopez Decl. ¶ 3 *with* Lang Decl. ¶ 7).  Additionally, although Plaintiff claims his new role is "full-time," it is unclear whether he consistently works forty hours per week (or more or less); whether he receives opportunities for overtime; what promotional opportunities are available to him; and whether the position is temporary or permanent.  Plaintiff has not even provided his title.  Without any evidence on these points, all of which would need to be explored in discovery, the Court should look to the Complaint's broad request for back pay when determining the amount in controversy.[3]

If the Complaint were not enough, Adecco has also presented the Court with Ms. Lopez's sworn statement, establishing that the annual target compensation for Plaintiff's applied-for position amounts to $30,000.  (Lopez Decl. ¶ 3).  Moreover, the United States Courts' own estimates indicate that this case would not proceed to trial for more than three years, throughout which time Plaintiff's back pay would continue accruing.  (*See* Notice of Removal at ¶ 12); *see also Sussman v. Capital One, N.A.*, 2014 WL 5437079, at *4 (D.N.J. Oct. 24, 2014) ("The relevant time period for calculating an award of back pay begins with the date of the alleged wrongful termination and ends at the time of trial") (citing *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 373 (3d Cir. 1987)).  Thus, Plaintiff's claim for back pay

---

[3] If the Court wishes to resolve these questions before denying Plaintiff's motion to remand, Adecco requests the opportunity to perform limited discovery on Plaintiff's alleged damages and mitigation efforts.

alone exceeds the jurisdictional threshold at $97,500.  (*See* Notice of Removal at ¶ 12).  When the Court adds in Plaintiff's claim for punitive damages, which he concedes may amount to four times his economic damages (*see* Pl.'s Br. at pp. 9-10), the requisite amount in controversy is easily satisfied.[4]

To the extent that Plaintiff now seeks to stipulate that his damages do not exceed the jurisdictional threshold in order to avoid removal, he cannot.  "A plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of 'no legal significance' to the court's determination." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002) (citing *Angus*, 989 F.2d at 145).  Indeed, "it is well-recognized that a post-removal stipulation

---

[4] Plaintiff further attacks Adecco for failing to "prove what possible exposure exist[s] with respect to punitive damages," citing to *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006).  *Morgan* applied a now-defunct standard for removal, requiring the "party wishing to establish subject matter jurisdiction . . . *to prove to a legal certainty* that the amount in controversy exceeds the statutory threshold."  *Morgan*, 471 F.3d at 474-75 (emphasis added).  As acknowledged by the Supreme Court and this Court, the "legal certainty" test no longer applies, and a defendant need only show removal is proper by a preponderance of the evidence.  *See* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, **by the preponderance of the evidence**, that the amount in controversy exceeds the amount specified in section 1332(a).") (emphasis added); *Dart Cherokee*, 574 U.S. at 88-89 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.") (citations omitted); *Signature Bldg. Sys., Inc. v. Spears Manuf. Co.*, 2018 WL 1123724, at *3 (M.D. Pa. Feb. 26, 2018) (Caputo, J.) (applying preponderance of the evidence standard to motion to remand where amount in controversy was challenged).  Under the operative standard, Adecco has met its burden by demonstrating that punitive damages are available to Plaintiff, should he prevail in his claims.  (*See* Notice of Removal at ¶ 13).  Plaintiff alleges that Adecco wholly refused to recognize the MMA in its entirety, which, if proven, could constitute a basis for imposing punitive damages.  *See Walker v. Monocacy Valley Elec., Inc.*, 2018 WL 5994601, at *3 (M.D. Pa. Nov. 15, 2018) (punitive damages may be recoverable under wrongful discharge claim where defendant's conduct was "intentional, willful, wanton or reckless").

reducing the amount in controversy below the statutory threshold 'does not deprive the district court of jurisdiction.'"  *Perez v. Luxury Retreats Processing Inc.*, 2019 WL 7373022, at *3 (D.N.J. Dec. 5, 2019)) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 292)).   Thus, Plaintiff's attempts to cast doubt on the amount in controversy fall flat.

### 3.   Plaintiff's Complaint Requests Attorneys' Fees, Which Should Be Considered When Arriving at the Amount in Controversy

Finally, Plaintiff argues that the court should not consider his request for attorneys' fees in both *ad damnum* clauses because "Defendant has not cited to any statute or controlling authority holding that attorneys' fees are available[.]"  (Pl.'s Br. at p. 10).   However, as pointed out in Adecco's now-pending motion to dismiss, the MMA is entirely silent as to the relief available to an employee under the statute.  (*See* Def.'s Br. re Mot. to Dismiss, ECF No. 8, at p. 11 ("[I]f the Court were to allow Plaintiff's MMA claim to proceed, it would be left to fashion a private remedy for Plaintiff without any guidance from the legislature whatsoever.")).   Additionally, Adecco is unaware of any court decisions defining the relief available to an employee alleging wrongful discharge under the MMA.  So, while there are no decisions affirmatively stating that attorneys' fees are available under the MMA, there are also no decisions to the contrary.   The Complaint makes clear that Plaintiff will argue that the MMA allows him to collect

attorneys' fees should he prevail in his case. Thus, the Court should also consider the tens of thousands of dollars in attorneys' fees likely to accrue over the course of this litigation when determining the amount in controversy.

For all of the foregoing reasons, Adecco has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that its removal under 28 U.S.C. §§ 1332 and 1441 was entirely proper. Therefore, Plaintiff's motion to remand should be denied.

C.     **Plaintiff Is Not Entitled to Attorneys' Fees on His Motion to Remand**

Even if the Court elects to remand this case, which it should not, Plaintiff is not entitled to attorneys' fees in connection with his motion. In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court held that "absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447 only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Plaintiff's request for attorneys' fees rests on the arguments addressed above. For the reasons already explored, Plaintiff's newly-raised allegation that he applied for a seasonal position does not limit the amount in controversy; Ms. Lopez's declaration in support of removal is not disingenuous, as Adecco had no knowledge—and no reason to know—that Plaintiff had suddenly obtained new

14

employment after the filing of the Complaint and just days before removal;[5] and notwithstanding Plaintiff's barebones assertions about new employment, the amount in controversy *still* exceeds the jurisdictional threshold when considering back pay, punitive damages, and attorneys' fees.   Thus, Adecco respectfully requests that, regardless of the outcome of Plaintiff's motion to remand, Plaintiff's application for attorneys' fees be denied.

## VI.   CONCLUSION

For the reasons set forth herein, Adecco's removal of this matter to the United States District Court for the Middle District of Pennsylvania based on diversity jurisdiction was entirely proper and should not be disturbed.   Adecco therefore respectfully requests that the Court deny both Plaintiff's motion to remand and his request for attorneys' fees.

---

[5] If Plaintiff truly believed that his new employment destroyed this Court's jurisdiction he could have notified Adecco of that fact prior to filing his motion.   Notably, Plaintiff's counsel had the perfect opportunity to inform Adecco that Plaintiff had obtained new employment when seeking Adecco's concurrence in filing his motion to remand.   Rather than provide Adecco with this information, Plaintiff's counsel gave Adecco no basis whatsoever for Plaintiff's motion when seeking its concurrence.   Plaintiff cannot withhold critical information that he claims destroys jurisdiction and then ask the Court to punish Adecco for not knowing it.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**


*/s/ Jessica M. Bocchinfuso*_____
Jessica M. Bocchinfuso (PA #314371)
Jacqueline R. Barrett (admission *pro hac vice* pending)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800 (Telephone)
(215) 995-2801 (Facsimile)
jessica.bocchinfuso@ogletree.com
jacqueline.barrett@ogletree.com

Dated: February 7, 2020

*Attorneys for Defendant, Adecco USA, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EATON A. LANG IV, individually    :
and on behalf of all similarly    :
situated persons,    :
        :    **Case No. 3:20-cv-00044-ARC**
      **Plaintiffs,**    :
        :           *Civil Action*
**vs.**    :
        :    *Honorable A. Richard Caputo*
**ADECCO USA, INC.,**    :
        :    *Electronically Filed*
      **Defendant.**    :
        :

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 7, 2020, I caused Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand to be filed via the Court's electronic filing system, where it is available for download. Counsel for Plaintiff has consented to service via the Court's electronic filing system.


                     */s/ Jessica M. Bocchinfuso*
                     Jessica M. Bocchinfuso
                     *Attorney for Defendant*

41737921.1