# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EATON A. LANG, IV, | : | CIVIL ACTION NO. 3:20-CV-44 |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| ADECCO USA, INC., | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Eaton A. Lang, IV, moves to remand this action to the Lackawanna County Court of Common Pleas for lack of diversity jurisdiction. (Doc. 6). Adecco opposes Lang's motion, (see Doc. 9), while also moving for dismissal of this action for failure to state a claim for which relief may be granted, (Doc. 5). We will grant Lang's motion to remand and thus deny Adecco's motion to dismiss as moot.

## I.  Factual Background & Procedural History

On December 3, 2019, Lang filed a putative class-action complaint against Adecco in the Lackawanna County Court of Common Pleas alleging violations of Pennsylvania's Medical Marijuana Act in Count I and an alternative common-law claim of wrongful rescission of an offer of employment in Count II. (See Doc. 1-1). Lang avers that he and other prospective employees were denied employment by Adecco based on positive marijuana drug tests, notwithstanding their status as certified medical-marijuana cardholders. (See id. ¶¶ 3-9, 17-30, 32, 55-62, 64-68). Lang requests compensatory damages " in a sum in excess of Fifty Thousand

Dollars ($50,000.00)," as well as punitive damages, attorneys' fees, and costs.  (Doc. 1-1 at 10, 12).

Adecco timely removed the action to this court pursuant to 28 U.S.C. § 1441, asserting federal diversity jurisdiction under 28 U.S.C. § 1332.  (See Doc. 1).  Adecco then moved to dismiss the case on the basis that Lang's claims are not cognizable under Pennsylvania law, (see Doc. 5), while Lang moved to remand the case to state court for lack of jurisdiction, (see Doc. 6).  Both motions have been fully briefed and are ripe for review.  (See Docs. 7-12).

## II.   Legal Standard

### A.   Motion to Remand

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction.  See 28 U.S.C. § 1441(a).  A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court.  See id. § 1447(c).  Such motions may be filed at any time before final judgment is entered.  Id.  If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action was removed.  Id.  Statutes permitting removal "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)).

### B.   Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

III.  **Discussion**

The instant motions raise both jurisdictional and merits disputes: Lang asks us to remand this matter to state court for lack of subject matter jurisdiction, (see Doc. 6), and Adecco asks us to dismiss the case outright for failure to state a viable claim, (see Doc. 5).  Because district courts must establish jurisdiction over a case and its parties before reaching merits determinations, see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94 (1998)), we turn first to Lang's motion to remand.

   A.   **Motion to Remand**

As the removing party, Adecco bears the burden of proving that the matter is properly before this federal court.  See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (same).  Adecco endeavors to do so by invoking our diversity jurisdiction.  (Doc. 1 ¶ 7).  To establish diversity jurisdiction, Adecco must demonstrate that this matter is between citizens of different states and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See 28 U.S.C. § 1332(a).  It appears that the diversity requirement is satisfied: Lang is a Pennsylvania resident, and Adecco is incorporated in Delaware with its principal place of business in Florida.  (Doc. 1 ¶¶ 18, 20; Doc. 1-1 ¶ 10).  The only dispute is whether the complaint satisfies the amount-in-controversy requirement.

An amount-in-controversy determination generally begins with the complaint itself.  28 U.S.C. § 1446(c)(2); see Horton v. Liberty Mut. Ins. Co., 367 U.S.

348, 353 (1961); <u>Angus v. Shiley Inc.</u>, 989 F.2d 142, 145 (3d Cir. 1993).  If, due to state-court practices, a complaint is silent as to the precise damages demanded, the court looks to the amount in controversy claimed in the notice of removal.  <u>See</u> 28 U.S.C. § 1446(c)(2)(A)(ii).  The amount claimed by the defendant "should be accepted when not contested by the plaintiff or questioned by the court."  <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 574 U.S. 81, 87 (2014); <u>see also</u> 28 U.S.C. § 1446(c)(2)(B).  If the amount claimed in the notice of removal is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  <u>Dart Cherokee</u>, 574 U.S. at 88.

For an open-ended claim like Lang's, we must measure the amount in controversy "not . . . by the low end of [the] claim, but rather by a reasonable reading of the value of the rights being litigated."  <u>Werwinski v. Ford Motor Co.</u>, 286 F.3d 661, 666 (3d Cir. 2002) (first alteration in original) (quoting <u>Angus</u>, 989 F.2d at 146).  We determine the amount in controversy claimed in the plaintiff's complaint as of "the time the petition for removal was filed."  <u>Id.</u>; <u>see</u> <u>Albright v. R.J. Reynolds Tobacco Co.</u>, 531 F.2d 132, 135 (3d Cir. 1976) (internal citations and quotation omitted).  We may not consider "events occurring subsequent to removal which reduce the amount recoverable," <u>Albright</u>, 531 F.2d at 135 (quoting <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 293 (1938)), but may consider post-removal assertions of actual damages relating to the amount in controversy at the time the case was removed, <u>see</u> <u>Angus</u>, 989 F.2d at 145 n.3; <u>Meritcare Inc.</u>

v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222-23 (3d Cir. 1999), abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005).

Lang's complaint includes two counts: a claim for violation of Pennsylvania's Medical Marijuana Act ("MMA"), 35 PA. STAT. AND CONS. STAT. ANN. § 10231.101, *et seq.* (Count I), and a claim for wrongful rescission of an offer of employment under Pennsylvania common law (Count II). (Doc. 1-1 at 9, 10). The *ad damnum* clauses of Lang's complaint request compensatory damages in excess of $50,000, punitive damages, and attorneys' fees and costs. (Id. at 10, 11-12). Although Adecco places much emphasis on the fact that Lang includes the same demand on each count, (see, e.g., Doc. 9 at 3), it is clear from the complaint that these claims, and their attendant damages requests, are pled in the alternative, (see Doc. 1-1 ¶ 67).

As both Lang and Adecco acknowledge, (see Doc. 1-1 ¶ 67; Doc. 9 at 5 n.1), Pennsylvania courts have yet to recognize that a private cause of action under the MMA exists, or that a violation of the MMA can give rise to a common-law claim for wrongful discharge or wrongful rescission of employment. Those very issues were recently certified to the Pennsylvania Superior Court, and that appeal has yet to be decided. See Palmiter v. Commonwealth Health Sys., Inc., No. 19 CV 1315, 2019 WL 7372712, at *2-4 (Pa. Ct. Com. Pl. Dec. 31, 2019), appeal filed *sub nom.*, Scranton Quincy Clinic Co. v. Palmiter, No. 498 MDA 2020 (Pa. Super. Ct. 2020). The viability of such claims forms the basis of Adecco's instant motion to dismiss. (See Doc. 8 at 5-20; Doc. 10 at 4-21; Doc. 12 at 2-11). We need not predict how the

Commonwealth's courts will resolve this uncertainty because, assuming viability of either count *arguendo*, Lang's claims do not satisfy the jurisdictional threshold.[1]

The parties proceed on the reasonable assumption that either of Lang's alternative claims would permit backpay damages.  (<u>See</u> Doc. 1 ¶¶ 11-12; Doc. 1-1 at 10-12; Doc. 9 at 7-14 & n.2).  Under Pennsylvania law, a plaintiff who prevails in a wrongful termination or rescission action may generally recover his backpay wages "less any amount actually earned or which might have been earned through the exercise of reasonable diligence in seeking other similar employment." <u>Delliponti v. DeAngelis</u>, 681 A.2d 1261, 1265 (Pa. 1996); <u>see</u> PA. SUGGESTED STANDARD CIVIL JURY INSTRUCTIONS 21.70, 21.180.  Because wrongful discharge is in the nature of a tort, punitive damages are recoverable.  <u>See</u> <u>Woodson v. AMF Leisureland Ctrs., Inc.</u>, 842 F.2d 699, 701-03 (3d Cir. 1988) (examining Pennsylvania law).  Although Lang's complaint includes a request for attorneys' fees, (<u>see</u> Doc. 1-1 at 10, 11), the law is clear in Pennsylvania that attorneys' fees are unavailable "absent an express statutory authorization, a clear agreement by the parties or some other established exception," <u>Merlino v. Delaware County</u>, 728 A.2d 949, 951 (Pa. 1999).  The MMA is silent as to any right of action, and thus silent as to the availability of attorneys' fees, <u>see</u> 35 PA. STAT. AND CONS. STAT. ANN. § 10231.101, *et seq.*, and neither party points to case law authorizing attorneys' fees for Lang's common-law claims, <u>cf.</u>, <u>Fralin</u>

---

[1] We note that an inquiry into the amount-in-controversy requirement involves "minimal scrutiny" of a plaintiff's claims without considering the "legal sufficiency of those claims or whether the legal theory advanced by the plaintiff is probably unsound." <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578, 583 (3d Cir. 1997).

v. C & D Security, Inc., No. 06-2421, 2007 WL 1576464, at *5 (E.D. Pa. May 30, 2007)

(citing Merlino, 728 A.2d at 951) (attorneys' fees unavailable in action for breach of

employment contract); Carricato v. Unisys Corp., No. 3147 S 1992, 1993 WL 327768,

at *2 (Pa. Ct. Comm. Pl. 1993) (same in wrongful-discharge case).  Our calculation of

the amount in controversy will thus focus on Lang's claims for compensatory and

punitive damages.

The parties have submitted competing declarations on the question of

backpay damages.  (Compare Doc. 1-4 with Doc. 6-1).  For its part, Adecco relies on

the declaration of Jessenia Lopez, a paralegal in its legal department, which avers

that Lang "applied for a position as a forklift operator with Adecco's client, Adidas,"

that the "hourly rate of pay for this position was $14.50," and that the position had

an "annual target compensation of $30,000."  (Doc. 1-4 ¶ 3).  Adecco contends that,

with an average time to trial of 37.4 months, Lang's backpay damages alone are

likely to total approximately $97,500.  (Doc. 1 ¶ 12).  Lang responds with his own

declaration, wherein he attests that he was advised that the Adidas position for

which he applied was "seasonal," that he obtained full-time employment with

Shamokin Carbons on January 7, 2020, and that he is currently employed there

at an hourly rate of $14.00.  (Doc. 6-1 ¶¶ 5-7).

Before examining the conflicting evidence, we address Adecco's suggestion

that Lang's declaration is an impermissible attempt to destroy diversity jurisdiction.

(See Doc. 9 at 4-5, 12-13).  Specifically, Adecco intimates that Lang's declaration is a

prohibited post-removal stipulation that is of "no legal significance" to our analysis.

(Id. at 12-13 (quoting Werwinski, 286 F.3d at 667)).  We disagree.  Lang's declaration

merely outlines the state of available damages at the time this lawsuit was removed. That is, the declaration is not a post-removal attempt to reduce the damages that existed at the time of removal; it is post-removal proof of damages that were in fact available when Adecco removed this case.  See, e.g., Meritcare, 166 F.3d at 222-23 (ordering remand to state court when post-removal statements made clear that damages did not exceed jurisdictional threshold "at the moment of removal").

We find that a preponderance of the evidence supports an amount in controversy well below the minimum jurisdictional threshold.  In the seven weeks between Lang's interview with Adecco and the start date of his new job, (see Doc. 1-1 ¶ 19; Doc. 6-1 ¶¶ 6-7), Lang would have accrued $4,060 in lost wages.  Even if we accept Adecco's claim that the Adidas position was not seasonal and that Lang will continue to accrue lost wages through an estimated trial date of January 2023, (see Doc. 1 ¶ 12; Doc. 1-4 ¶ 3), the wage disparity would produce only $3,100 in additional damages, for a total of just $7,160.  With a high-end punitive-damages estimate of four times the backpay award, Lang's total damages could only conceivably reach $35,800.  Because attorneys' fees are very likely unavailable, this $35,800 figure represents the total amount in controversy.  We therefore find that Adecco has

failed to sustain its burden of showing by a preponderance of the evidence that this case satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a).[2]

### B.   Request for Attorneys' Fees

Lang asks the court to award attorneys' fees incurred in litigating the instant motion.  (Doc. 7 at 10-12).  Under 28 U.S.C. § 1447(c), a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  As a general rule, courts may award attorneys' fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."  League of Women's Voters of Pa. v. Pennsylvania, 921 F.3d 378, 383 (3d Cir. 2019) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  The court finds that Adecco's removal of this action

---

[2] Adecco makes much of what Lang purportedly has not shown.  Specifically, Adecco contends that Lang must prove that his new employment "is 'better or substantially equivalent' to the positions he sought with Adecco."  (Doc. 9 at 10 (quoting Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 85 (3d Cir. 2009))).  Adecco suggests that we cannot consider Lang's new employment as potential mitigation evidence because Lang has not shown that he regularly works 40 hours per week, that he receives overtime and promotional opportunities comparable to what he would have received with Adecco, or that his new position is permanent.  (See id. at 11).  But Adecco's argument flips the applicable burden on its head: it is the removing party's burden to establish, by a preponderance of the evidence, that a lawsuit is properly before this court.  See Frederico, 507 F.3d at 193 (citations omitted); Steel Valley Auth., 809 F.2d at 1010 (same).  Although Adecco presumably has access to such information with respect to the positions for which Lang applied, it has failed to provide anything other than an estimated annual salary for a single position.

was not objectively unreasonable under the circumstances and that Lang is not entitled to attorneys' fees.  Accordingly, we will deny this aspect of Lang's motion.

## IV.    <u>Conclusion</u>

For the reasons set forth herein, the court will grant Lang's motion to remand and will remand this case to the Lackawanna County Court of Common Pleas.  We will also deny Lang's request for attorneys' fees and deny Adecco's motion to dismiss as moot.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania


Dated:      July 24, 2020